# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>        Plaintiff,<br><br>v.<br><br>MARTIN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-CV-01656-AWI-MJS<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S ACTION, WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 7)<br><br>OBJECTIONS DUE WITHIN THIRTY-DAYS |

On September 20, 2011, Plaintiff, while at liberty and proceeding pro se, paid the filing fee and filed a Complaint alleging legal malpractice and civil rights violation claims against Fresno County, California. (ECF No. 1.)

On September 29, 2011, the action was transferred from United States District Court for the Central District to United States District Court for the Eastern District. (ECF No. 4.)

On December 13, 2011, Plaintiff Filed a First Amended Complaint, the operative pleading now before the Court.

I. **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is difficult to decipher, but appears to arise from his January 11, 2010, misdemeanor narcotics arrest, allegedly inadequate medical care provided while he was in custody, and dissatisfaction with his subsequent plea bargain. (Compl., ECF No. 7 at 3-6.) Plaintiff alleges that he remained in custody following arrest and then agreed to a plea bargain on June 2, 2010. While in jail, he was denied medication needed for jaw

pain and for a "[TB] germ in [his] lungs ...." (Compl. at 4) He was wrongfully denied probation, and wrongfully sentenced, because Defendants provided inadequate legal representation for him. Plaintiff claims breach of fiduciary duty, negligent misrepresentation, legal malpractice, and breach of contract against Defendant Daniel Martin, defense counsel in the underlying criminal proceeding, and Defendant Cimmo & Associates, defense counsel's firm. Plaintiff seeks Seven Million Dollars in damages from these Defendants.

## II.     ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.     Subject Matter Jurisdiction

Construing the allegations of the First Amended Complaint most favorably to the Plaintiff, (Scheuer v. Rhodes, 416 U.S. 232 (1974),[1] his claims do not involve a federal question[2] and do not allege facts showing diversity jurisdiction.[3] Plaintiff alleges only state law claims. The Defendants are not alleged to be diverse.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)3; see Saini v. U.S. Citizenship and Immigration Services, 553 F.Supp. 2d. 1170. 1172 (E.D. Cal. 2008) ("[l]ack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time.") (citing to Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9 th Cir. 1988)); see also Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (C.A.N.Y. May 27, 1975) ("[l]ack of [subject-matter] jurisdiction is so fundamental a defect that [Fed. R. Civ. P. 12(h)3] permits a judge to recognize it sua sponte at any time.").

The Court lacks jurisdiction over the subject matter of this apparent legal malpractice lawsuit. See Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100, 109 (1941)

---

[1] Abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

[2] 28 U.S.C. § 1331. This term refers to the subject matter jurisdiction of federal courts for claims "arising under" the U.S. Constitution, treaties, federal statutes, administrative regulations or common law.

[3] 28 U.S.C. § 1332. This term refers to the subject matter jurisdiction of federal courts for claims exceeding $75,000, between citizens of different states, or citizens of a state and a foreign state.

([federal courts are required] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

### B.  Civil Rights

Insofar as Plaintiff refers to inadequated medical care provided while in custody, he may be undertaking to assert a federal civil rights complaint. If so, he has not alleged facts which would suffice to state such a claim. To state a federal civil rights claim under 42 U.S.C. Section 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Plaintiff's reference to inadequate medical care while in custody is not supported by facts showing deliberate indifference under color of state law. It is not attributed to any named Defendant.

If Plaintiff is attempting to challenge the constitutionality of his conviction or imprisonment under 42 U.S.C. Section 1983, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[4] Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Plaintiff's Complaint provides no evidence of exhaustion of state court remedies. Plaintiff may not at this time bring a civil rights action arising out of an allegedly unconstitutional conviction or imprisonment.

### III.  CONCLUSION

The Court lacks jurisdiction over the subject matter of this lawsuit. Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED without prejudice for lack of

---

[4] 28 U.S.C. § 2254

subject matter jurisdiction.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 21, 2012          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE