UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHEN GARCIA,

Plaintiff,

v.

MARTIN, et al.,

Defendant.

CASE NO. 1:11-CV-01656-AWI-MJS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(Doc. 9)

## I. PROCEDURAL HISTORY

On September 20, 2011, Plaintiff, while at liberty and proceeding pro se, paid the filing fee and filed a Complaint raising legal malpractice and civil rights claims against Fresno County. (ECF No. 1.) On September 29, 2011, this action was transferred from United States District Court for the Central District to United States District Court for the Eastern District. (ECF No. 4.) On September 29, 2011, the Court issued an Order Setting Mandatory Scheduling Conference for January 12, 2012 before Magistrate Judge Seng. (ECF No. 6.) On December 13, 2011, Plaintiff Filed a First Amended Complaint. (ECF No. 7.) On January 5, 2012, the Court issued a minute order vacating the January 12, 2012 Scheduling Conference, advising that the Scheduling Conference would be reset after screening of the Complaint. (ECF No. 8.)

On January 17, 2012, Plaintiff filed the instant document, entitled, "Declaration of

Steophen Garcia in opposition to Motion re-order settlement for VAcating and setting aside Default (and Default Jugdement)" (ECF No. 9.) Plaintiff motions:

> "[f]or a re-order settlement meeting immediately on the grounds that the Judge broke THE LAW that says that he has to give me fifteen days notice before he can vacate, therefore violating my civil rights as the law required him to do. The vacate order was sent out on the fifth and filed on the fifth of JAN. Therefore giving me seven days notice."

(Declr. of Steophen Garcia, p. 1, ECF No. 9.)

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)). Consistent with such duty, the Court will construe Plaintiff's motion as a motion for reconsideration of the Court's order rescheduling the scheduling conference.

## II. DISCUSSION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to

reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

Plaintiff has not met the standard for reconsideration of an order. He has not provided newly discovered evidence or provided any factual, legal or other reasons justifying relief. Plaintiff fails to show that the Court committed error.

Instead, Plaintiff's argument appears to reflect Plaintiff's belief that the Court's minute order denies Plaintiff a pretrial conference and/or is in the nature of a default judgment. It does neither.

The assigned Magistrate Judge has jurisdiction over pretrial matters including scheduling conferences. 28 U.S.C. § 636; Fed. R. Civ. P. 72; Local Rule 302. The assignment Magistrate Judge maintains his own calendar. Local Rule 230 (a). The Court's minute order is merely a scheduling matter within its pretrial discretion. Plaintiff will be notified of any new Scheduling Conference date.

Plaintiff has not met the burden imposed on a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. The Motion for Reconsideration provides no new evidence, circumstances, or grounds that would satisfy the requirements of Rule 60(b), it must be denied.

## III. ORDER

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration (Doc. 9.) is DENIED.

IT IS SO ORDERED.

Dated: January 21, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE