# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-CV-01656-AWI-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD CASE CITE INFORMATION<br><br>(ECF No. 14) |

**I.   PROCEDURAL HISTORY**

On September 20, 2011, Plaintiff, while at liberty and proceeding pro se, paid the filing fee and filed a Complaint raising legal malpractice and civil rights claims against Fresno County. (ECF No. 1.)

On September 29, 2011, this action was transferred from United States District Court for the Central District to this Court. (ECF No. 4.)

On December 13, 2011, Plaintiff Filed a First Amended Complaint. (ECF No. 7.)

On January 23, 2012, the Court issued Findings and Recommendations for Dismissal of Plaintiff's Action ("F&R") for lack of subject matter jurisdiction, with objections due by February 27, 2012. (ECF No. 10.)

On January 26, 2012, Plaintiff filed a Motion to Amend the First Amended Complaint, seeking to add a claim for race discrimination against the Fresno County

Sheriff's Department. (ECF No. 12.) The Court denied this motion on February 3, 2012. (ECF No. 13.)

On January 25, 2012, Plaintiff filed the instant Motion to Add Case Cite Information. (ECF No. 14.)

On February 3, 2012, Plaintiff filed Objections to Findings and Recommendations. (ECF No. 15.)

## II. APPLICABLE LAW

In the case of a motion for an amended pleading, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.[1] Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

Plaintiff amended once by filing a First Amended Complaint. The opposing parties have not consented to further amendment. Therefore, Plaintiff may not file a second amended complaint without leave of the Court.

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). "In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D.Cal. November 17, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

## III. ANALYSIS

Plaintiff's instant Motion to Add Case Cite Information seeks leave to cite to two

---

[1] Plaintiff may not "supplement" his First Amended Complaint as to events occurring prior to the date of the First Amended Complaint. Fed.R.Civ.P 15 (d).

cases, Wiley v. County of San Diego, 19 Cal.4th 532, (1998), and Coscia v. McKenna & Cuneo, 25 Cal.4th 1194 (2001). Plaintiff's Motion, which the Court construes as a motion to amend, is ill-founded in several respects.

The proposed amendment is not a complete amended pleading, contains no factual allegations, and provides no basis for subject matter jurisdiction. As noted, amended pleadings must be complete within themselves without reference to another pleading. Plaintiff improperly asks to file an amendment or a partial amendment to his underlying pleading .

Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

The proposed amendment, if intended to supplement Plaintiff's separate Motion to Amend filed January 26, 2012, is moot because the January 26th Motion was denied by the Court on February 3, 2012.

Moreover, the proposed amendment and its citation to Wiley and Coscia is redundant of Plaintiff's Objections to Findings and Recommendations presently before the Court.

"Denial of a motion to amend is appropriate if amendment would be futile." American Ins. Co. V. St. Jude Medical, Inc., 597 F.Supp.2d 973, 979 (D.Minn. January 07, 2009) (citing Becker v. Univ. of Neb., 191 F.3d 904, 907-08 (8th Cir. 1999)). "Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action. Id. Where the court is without subject matter jurisdiction over claims,

"[l]eave to amend to plead [such] claims ... would be fruitless." Chuhran v. Walled Lake Consol. Schools, 839 F.Supp. 465, 477 (E.D. Mich., November 23, 1993).

## IV.   ORDER

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Add Case Cite Information (Doc. 14.) is DENIED.

IT IS SO ORDERED.

Dated:   February 6, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE